IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BAO PHONG HUU NGUYEN, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:25-cv-01913-L (BT) |
| § | |
| KRISTI NOEM, et al., § | |
| § | |
| Respondents. § | |

## **ORDER**

On July 24, 2025, Petitioner Bao Phong Huu Nguyen filed his Emergency Petition for Writ of Habeas Corpus (ECF No. 1) alleging, generally, that his continued detention and attempted deportation are unlawful. Petitioner also filed an Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (TRO) (ECF No. 2). Under 28 U.S.C. § 636(b) and Special Order 3, the District Court automatically referred this case to the undersigned United States magistrate judge for findings, conclusions, and a recommendation.

Petitioner does not expressly state that he is seeking ex parte relief. Instead, Petitioner asks that the Court require Respondents to respond to the TRO "within 24-hours." TRO at 1. Moreover, Petitioner's Certificate of Conference indicates that Respondents were provided with a copy of the Petition, TRO, Appendix, and "other initiating documents" on July 24, 2025 at approximately 1:15 a.m. via e-mail. *Id.* at 9.

A district court must have both subject matter jurisdiction and personal jurisdiction over the party against whom a TRO or preliminary injunction is requested. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470 (5th Cir. 1985) ("Because Rule 65 confers no jurisdiction, the district court must have both subject matter jurisdiction and in personam jurisdiction over the party against whom the injunction runs, and, when that party is the defendant, this implies either voluntary appearance by him or effective service of process.") (footnote, citations, and internal quotations omitted). It is unclear from the docket sheet in this case whether formal service of process has been effected on Respondents in accordance with the Federal Rules of Civil Procedure.

Accordingly, before setting a briefing schedule for Petitioner's TRO, the court **DIRECTS** Petitioner to effect service of process on Respondents in accordance with the Federal Rules of Civil Procedure by **July 30, 2025**. Such service shall include providing Respondents with a copy of the Petition, TRO, and filing an executed summons by **July 30, 2025**.

SO ORDERED.

July 25, 2025.

                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE